# The United States District Court
### for the
### Eastern District of Louisiana

**ANGEL M. HANBERRY**
( PLAINTIFF)

Date 04/22/2020

Vs

**PLAIN GREEN LLC**
( Defendant)

**20-01268**

**COMPLAINT**

**SECT.BMAG.5**

### Jurisdiction:

Angel M. Hanberry
12330 willow Dr.
New Orleans, LA 70131

### Parties

Plain Green
93 Mack Road
Suit 600 P O. Box 270
Box Elder, MT

Angel M. Hanberry
12330 willow Dr
Suit 600 P O. Box 270

### COMPLAINT:

Now comes Plaintiff Angel M, Hanberry and brings this action under Sections 623(a)(5) of the Fair Credit ACT(FCRA) 15 USC || 1681-1681u, to obtain monetary civil penalties for Defendant's violations of the FCRA. Plain Green, account # 7572xx., and from this point on be known as Defendant.

1) Defendant is a for profit organization, existing and doing business under the laws of Montana that Defendant's home office was exclusively used on a regular basis as a place of business, 93 Mack Road, Suite 600, P. O. Box 270 Box Elder, MT.

Fee _paupin_
Process_____
Dktd_____
CtRmDep_____
Doc. No._____

2). Defendant, is a "debt collector" as that term is defined in Section 803(6) of the FDCPA, 15 U.S.C. || 1692a(6). As part of its debt collection activities, defendant furnishes information to consumer reporting agencies. As such, the defendant is subject to Section 623 of the FCRA, 15 U.S.C. || 1681s-2, which imposes a series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

## THE FAIR CREDIT REPORTING ACT

3). The FCRA was enacted in 1970 and became effective on April 25, 1971, and has been in force since that date. In 1996, the FCRA was amended extensively by Congress. Among other things, Congress added Section 623(a)(5) of the Act, which became effective on October 1, 1997.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

4). Section 623(a)(5) of the FCRA requires anyone furnishing information to a consumer reporting agency regarding a delinquent account that has been placed for collection, charged to profit or loss, or subject to any similar action, to provider the consumer reporting agency, not later than 90 days after the furnishing of the information, the month and year of the commencement of the delinquency that immediately preceded the action.7

5). In the course of their business, defendant failed to comply with the requirements of Section 623(a)(5) in that, for a period of time, they reported dates of delinquency to credit reporting agencies, including delinquency dates, that were later then the month and year of the commencement of the delinquency. See exhibit (a)copies of the CRA reports.

6). The acts and practices in paragraph 6 constitute violations of Section 623(a)(5) of the FCRA, 15 U.S.C. || 1681s-2(a)(5). Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. || 1681s(a)(1), the acts and practices alleged in Paragraph 5 also constitutes unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. || 45(a)

**Violations committed :**   see EXHIBIT (A)

1) No date of last activity. no date of sold account.                                    $ 1000.00

2) Date closed not reported, and by whom, FCRA 623(a) (4) not reported.     $ 1000.00

2

3) No credit limit.                                                                       $ 1000.00

4) Reporting a charge /off with a bal due.                                                $ 1000.00

5) 623(a)(2) no response to 623 reinvestigation request for correction                    $ 1000.00

Total fines due as per FCRA Violations :   $ 5000.00

## CIVIL PENALTIES AND INJUNCTIVE RELIEF

## FOR VIOLATIONS OF THE FAIR CREDIT REPORTING Act

7) Defendants have violated the FCRA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 621(a)(2) of the FCRA, 15 U.S.C. || 1681s(a)(2).

8). Section 621(a)(2) of the FCRA, 15 U.S.C. || 1681s(a)(2), authorizes the Court to award monetary civil penalties of not more then $1000.00 per violation of Section 623(a)(5).There are five violations by defendant in this Complaint.Based on the FTC's interim final rule recalculation, specifically under the Fair Credit Reporting Act, Section 621 (a) (2) (duty to correct and update information) for knowing violations of the Act, the per violation penalty is $ 1000.00 . Defendant was notified of their violatios by consumer as per 623 reinvestigation letter dated 12/04/18. Credit One Bank did not respond to the 623 reinvestigation request.

9). Each instance in which defendants is in violation of Section 623(a)(5) of the FCRA, 15 U.S.C. || 1681s-2(a)(5) since October 1, 1997, the date that Section 623(a)(5) went into effect, constitutes a separate violation of the FCRA for which plaintiff seeks monetary civil penalties under Section 621 of the FCRA, 15 U.S.C. || 1681s.

10) Defendant in the matter of this credit reporting has shown to be willfully reckless and neglectful. This type of reporting has caused Plaintiff to pay a 36% finance charge for basic transportation/ auto purchase, and credit capacity, having numerous credit refusals and for refinancing of home loan. . Credit reporting such as this has shown to have caused monetary damage and defamation, each punishable by montary civil penalties issued by this Honorable Court. Plaintiff has been denied numerous attempts for financial relief due to Defendant's violations of the FCRA credit reporting.

## PRAYER FOR RELIEF

## DEMAND

WHEREFORE, plaintiff respectfully requests that this Honorable Court, pursuant to this courts own powers

1. Enter judgment against defendant and in favor of plaintiff for each law violation alleged in this complaint;

2. Award plaintiff monetary civil penalties for each violation of the FCRA as alleged in this complaint

3. Require a tradeline deletion of this account from all credit reporting agencies with prejudice.

4. Prohibit the sale of this account to any and all debt collectors or any other 3rd party debt collecting entity with prejudice.

5. Award plaintiff with fines as per FTC, FCRA, and additional relief as this Honorable Court deems just and proper.

Respectfully:

Angel M Hanberry

Angel M. Hanberry
12330 Willow Dr.
New Orleans, LA. 70131
(504) 261-5319

Please See attached
EXHIBITS

4

04/22/2020

# THE UNITED STATES DISTRIC COURT
# FOR THE
# EASTERN DISTRIC OF LOUISIANA

Civil Complaint : **Hanberry** (Pro Se) vs. **Plain Green** email 16 pages by Angel M. Hanberry, 12330 Willow Dr. NOLA. (504) 261-6200

TO THE PRO SE CLERK

1) CIVIL COVER SHEET

2) TWO COPIES OF AO 440

3) ONE COPY OF AO 240

4) COMPLAINT WITH EXHIBITS

*Angel M Hanberry*
Angel M. Hanberry

# LAEDdb_ProSeDocs

| | |
|---|---|
| **From:** | Leo Desselle <ldess12853@aol.com> |
| **Sent:** | Wednesday, April 22, 2020 2:10 PM |
| **To:** | LAEDdb_ProSeDocs |
| **Subject:** | Civil complaint to be filed Hanberry vs Plain Green |
| **Attachments:** | hanberry v plaingreen.pdf |

please file, Angel M Hanberry, 504-261-6200

1